E-FILED
Wednesday, 09 September, 2026 08:14:32 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| **ANTHONY SULLIVAN,** | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. 26-4117** |
| | **)** | |
| **CODY WATERKOTTE** ***et al.*****,** | **)** | |
| **Defendants.** | **)** | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Motion for Leave to File an Amended Complaint (Doc. 7), a Petition to Proceed *in forma pauperis* ("IFP") (Doc. 4), a Motion for Injunctive Relief (Doc. 5), and a Motion for Status filed by Plaintiff Anthony Sullivan, a resident of the Illinois Department of Human Services Treatment and Detention ("TDF") Facility under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq*.

**I. Amended Complaint**

**A. Screening Standard**

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is

frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

In reviewing the complaint, the district court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Factual Allegations**

On April 8, 2026, Defendants Cody Watterkotte and John Doe seized a Universal Serial Bus (a.k.a., USB) drive that Plaintiff stored in his TDF storage box and accessed "privileged" documents and communications without Plaintiff's approval. (Doc. 7 at 3.) Thereafter, Plaintiff claims that Watterkotte and Doe downloaded "inappropriate content (porn-like) media" onto the USB drive and then authored a false disciplinary report. On May 6, 2026, Defendants Sharlene Caraway, Kenneth Queen, and Curtis Parsons, acting as a Behavioral Committee ("Committee"), denied Plaintiff's request to postpone a hearing on the allegedly false disciplinary report so that Plaintiff could review the evidence against him. The Committee subsequently determined that Plaintiff committed the undisclosed allegations raised in the disciplinary report.

**C. Analysis**

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 7) and IFP Petition (Doc. 4) are granted. The Clerk of the Court is directed to docket Plaintiff's amended pleading and calculate the filing fee under the Court's standard procedures.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." *Id.*; *see also Brown v. Phillips*, 801 F.3d 849 (7th Cir. 2015) (reversing dismissal of First Amendment challenge to keeping sexually explicit materials from TDF detainees unless evidence is provided showing the restraint is rationally related to state's interests). The Court concludes Plaintiff's account is sufficient to state First Amendment Freedom of Expression and Fourteenth Amendment due process claims against Defendants Caraway, Doe, Parsons, Queen, and Watterkotte.

**II. Injunctive Relief**

The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980). A preliminary injunction is an "extraordinary and drastic remedy" and "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (citation omitted). In civil suits, "damages are the norm, so the plaintiff must show why his case is abnormal." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007) (quoting *Walgreen Co. v. Sara Creek Property Co., B.V.*, 966 F.2d 273, 275 (7th Cir. 1992)).

"To determine whether a situation warrants such a remedy, a district court engages in an analysis that proceeds in two distinct phases: a threshold phase and a balancing phase." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of Am. Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). "A party seeking a preliminary injunction must satisfy all three requirements in the 'threshold phase' by showing that (1) [he] will

suffer irreparable harm in the period before the resolution of its claim; (2) traditional legal remedies are inadequate; and (3) there is some likelihood of success on the merits of the claim." *HH-Indianapolis, LLC v. Consol. City of Indianapolis*, 889 F.3d 432, 437 (7th Cir. 2018).

Plaintiff's Motion for Injunctive Relief does not address any aspect of his threshold requirement. Instead, Plaintiff seeks an Order directing Defendants to "preserve all evidence" relevant in this case, to include the content on the USB drive at issue. Thus, Plaintiff's Motion for Injunctive Relief (Doc. 5) is denied. Defendants are directed to preserve the content of the USB drive at issue. *See Ogurek v. Gabor*, 827 F.3d 567, 568 (7th Cir. 2016) ("[A] district judge err[s] in refusing to compel production of [a] security video" where the security video "would have been the dispositive piece of evidence in [the] case.").

Plaintiff's Motion for Status (Doc. 9) is moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's IFP Petition (Doc. 4) and Motion for Leave to File an Amended Complaint (Doc. 7) are GRANTED.**

2) **The Clerk of the Court is DIRECTED to docket Plaintiff's amended pleading.**

3) **Plaintiff's Motion for Injunctive Relief (Doc. 5) is DENIED.**

4) **Defendants are DIRECTED to preserve the content of the USB drive at issue.**

5) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states First and Fourteenth Amendment claims against Defendants Caraway, Doe, Parsons, Queen, and Watterkotte.**

6) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has entered an appearance before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before counsel has filed an appearance will be denied as premature.**

**Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

**7) The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After service of process, the Court will enter an order setting discovery and dispositive motion deadlines.**

**8) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

**9) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.**

**10) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

**11) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.**

**12) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court**

**of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

13) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

14) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

15) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED September 9, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE